UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23089-CV-HUCK
CASE NO. 08-20231-CR-HUCK
MAGISTRATE JUDGE REID

DANIEL GARCIA-DION ROBINSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER TO SHOW CAUSE - 28 U.S.C. § 2255

The *pro se movant,* **Daniel Garcia-Barzaga,** has filed this motion to vacate [ECF 1] with supporting memorandum [ECF 1-1], pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his convictions and sentences for conspiracy to commit Hobbs Act Robbery and related offenses, entered following a jury verdict in **Case No. 08-20231-CR-Huck.** The movant asserts therein that he is entitled to vacatur of his conviction and sentence in light of the Supreme Court's decisions in *United States v. Davis,* 139 S.Ct. 2042 (2019). [ECF 1, pp. 5, 8; 1-1, p. 7 ]. In *Davis,* the Supreme Court determined held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act is unconstitutionally vague. *See United States v. Davis,* 139 S. Ct. at 2336. The Eleventh Circuit decided on July 23,

2019 that *Davis* is retroactively applicable. *See In re Wissam T. Hammoud,* No. 19-12458-G, 2019 WL 3296800, *2 (11th Cir. Jul. 23, 2019).

Careful review of the underlying criminal case under attack here reveals that the movant's judgment of conviction was affirmed on direct appeal on January 19, 2010, in a written, but unpublished decision. *See United States v. Garcia-Barzaga,* No. 08-14795, 361 F. App'x 109 (11th Cir. Jan. 19, 2010). Because no certiorari review appears to have been filed, the judgment became final, at the latest on **April 19, 2010,** when the 90-day period for seeking certiorari review expired. *See Gonzalez v. Thaler,* 565 U.S. 134, 149-50 (2012); *Phillips v. Warden,* 908 F.3d 667, 672 (11th Cir. 2018). The movant came to this court, filing this motion to vacate, under the mailbox rule, on **July 23, 2019,** when he signed it under penalty of perjury. [ECF 1; 13]. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001). Because the motion was filed less than one year from the Supreme Court's *Davis* decision, it appears to be timely filed. *See* 28 U.S.C. § 2255(f)(3). It is thereupon

ORDERED AND ADJUDGED as follows:

1. Counsel for the Respondent is instructed to <u>always</u> use the civil case number <u>and</u> the criminal case number on all filings in this § 2255 proceeding.

2. To prevent motions for extensions of time, counsel for the respondent is notified that an extended period for the response has been provided in this case.

3. On or before **forty-five (45) days from the date of this order,** the respondent shall file a memorandum of fact and law to show cause why this motion should not be granted, **together with an Appendix, attaching and itemizing all documents relied upon in its response, to the extent they are not viewable electronically or are otherwise unavailable in the underlying criminal case, including those transcripts for which only the first page has been scanned, the direct appeal appellate briefs, as well as, all other documents and exhibits necessary for the resolution of this motion, including any relevant exhibits currently not available in the criminal case.**

4. In its response, the government shall specifically address the merits of the movant's claim that he is actually innocent and his judgment is no longer valid in light of the Supreme Court's decision in *Davis,* notwithstanding any procedural defenses or other bars, which may apply and which the government may assert.

5. Counsel for the respondent is requested to caption the response as a "Response" and <u>not</u> as a Motion to Dismiss. The statute, 28 U.S.C. § 2243 calls for a "Return;" Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts calls for an "Answer."

6. The respondent is instructed that its response shall contain: (1) a detailed procedural history, with citations to the corresponding criminal docket entries; (2) the facts adduced at trial with corresponding accurate citations to the trial

transcripts; and, (3) a discussion on the merits of each claim(s) identified by the Movant and of concern to this court.

7. The government shall <u>not</u> comingle or otherwise group claims raised by the movant. The government shall address each claim individually, as numbered by the movant.

DONE AND ORDERED at Miami, Florida this 26th day of July, 2019.

                                                s/Lisette M. Reid
                                  UNITED STATES MAGISTRATE JUDGE

cc:    Daniel Garcia-Barzaga, *Pro Se*
       Reg. No. 80319-004
       D. Ray James Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 2000
       Folkston, GA 31537

       The United States of America
       Noticing 2255 U.S. Attorney
       Email: usafls-2255@usdoj.gov